Garegin **MOURADIAN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70222.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.[*]

Decided April 27, 2004.

Inna Lipkin, Law Office of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Mary Jane Candaux, Esq., John D. Williams, Esq., Jennifer L. Lightbody, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM **

Garegin Mouradian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his applications for asylum, withholding of deportation, relief under the Convention Against Torture, and voluntary departure. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary denial of voluntary departure. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998). We also lack jurisdiction over Mouradian's contention that the IJ erred in excluding a letter from the administrative record, because Mouradian did not exhaust before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction over the remainder of this petition for review under 8 U.S.C. § 1105a(a). We review for substantial evidence adverse credibility determinations, *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), as well as determinations that a petitioner is ineligible for relief under the Convention Against Torture, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding, because the inconsistencies identified in Mouradian's testimony go to the heart of his asylum claim. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). Because Mouradian failed to establish eligibility for asylum, he necessarily fails to qualify for withholding of deportation. *See id.* at 993.

Substantial evidence also supports the IJ's separate determination that Mouradian is ineligible for relief under the Convention Against Torture, because this claim is based on statements the IJ properly concluded were not credible, and Mouradian failed to identify other evidence that should have been considered. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Mouradian's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

